<u>NOT FOR PUBLICATION</u>

**IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX**

| | | |
|---|---|---|
| MARY CHATHAM, | : | |
| | : | Civil Action No. 11-089 |
| Plaintiff, | : | |
| v. | : | **OPINION** |
| ROHN & CARPENTER LLC, | : | June 5, 2015 |
| Defendant. | : | |

**WIGENTON**, District Judge.

Before the Court is Defendant Rohn & Carpenter, LLC's ("Rohn & Carpenter") Motion to Dismiss Plaintiff Mary Chatham's ("Chatham" or "Plaintiff") Complaint for failure to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). This Court has jurisdiction over this action pursuant to 28 U.S.C § 1332.  Venue is proper pursuant to 28 U.S.C. § 1391.  This motion is decided without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons discussed below, this Court **DENIES** Defendant's motion.

**I.      BACKGROUND**

Plaintiff seeks damages for wrongful termination under the Virgin Islands' Wrongful Discharge Act ("WDA"), 24 V.I.C. § 76. <u>See</u> Compl. ¶¶ 20-26.  From October of 2005 through September of 2009, when she was allegedly terminated, Plaintiff worked as a legal assistant, and later as a paralegal, at Rohn & Carpenter, a law firm located in St. Croix, U.S. Virgin Islands. <u>Id.</u> ¶¶ 2-4, 19.  Plaintiff alleges that Lee Rohn ("Rohn"), a principal of Rohn & Carpenter, knew that

Plaintiff "suffered from a severe spinal condition that limited her ability to lift heavy objects." Id. ¶¶ 6-7. In June of 2009, Plaintiff was allegedly assigned to work exclusively with Ryan Greene ("Greene"), an associate attorney at the firm. Id. ¶ 8. Months later, in August of 2009, Rohn allegedly informed Plaintiff that Plaintiff would be required to assist Greene during the course of an upcoming trial in St. Thomas. Id. ¶¶ 9-10. Plaintiff claims that she did not want to assist with the trial, largely due to her back problems, but did so upon Rohn's instruction. Id. ¶ 11. Plaintiff further contends that Rohn was aware prior to the commencement of trial on August 24, 2009, that Plaintiff's medical doctor had restricted Plaintiff to lifting items weighing no more than ten pounds. Id. ¶ 12.

During the week-long trial, Plaintiff allegedly carried Greene's laptop and three expandable files to and from the courthouse daily. Id. ¶ 13. Plaintiff claims that during trial, she told Rohn that she was experiencing back pains because she was being required to carry items, during the course of trial, that exceeded the weight limitations imposed by her doctor. Id. ¶ 14. Plaintiff further asserts that when trial ended, she was required to return to St. Croix with numerous files and suitcases. Id. ¶ 15. According to Plaintiff, upon landing at the airport in St. Croix, due to her back pain, she sought assistance in loading the files and suitcases into her car. Id. ¶ 16. As of August 28, 2009, Plaintiff was allegedly "in extreme pain." Id. ¶ 17. Therefore, on September 8, 2009, Plaintiff filed a claim for Workers' Compensation benefits. Id. ¶ 18. Two days later, on September 10, 2009, Plaintiff was terminated from her employment at Rohn & Carpenter. Id. ¶ 19. Thus, Plaintiff commenced the instant suit alleging that she was terminated in retaliation for claiming Workers' Compensation benefits.

## II. LEGAL STANDARD

In deciding a motion under Rule 12(b)(6), a district court is "required to accept as true all

factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [plaintiff]." Phillips v. Cnty. of Allegheny, 515 F.3d 224, 228 (3d Cir. 2008). "[A] complaint attacked by a . . . motion to dismiss does not need detailed factual allegations." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). However, the plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. (internal citations omitted). "[A court is] not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). Instead, assuming that the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above a speculative level." Twombly, 550 U.S. at 555.

A complaint will survive a motion to dismiss if it contains sufficient factual matter to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for misconduct alleged." Id. "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Smith v. Barre, 517 F. App'x. 63, 65 (3d Cir. 2013) (internal citations omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—that the pleader is entitled to relief." Iqbal, 556 U.S. at 679.

In Fowler v. UPMC Shadyside, the Third Circuit devised "a two-part analysis." 578 F.3d 203, 210 (3d Cir. 2009). First, the court must separate the complaint's factual allegations from its legal conclusions. Id. at 210-11. Having done that, the court must take only the factual allegations

3

as true and determine whether the plaintiff has alleged a "plausible claim for relief." Id. (quoting Iqbal, 566 U.S. at 679). Additionally, a "district court [] ruling on a motion to dismiss . . . [is] not permitted to go beyond the facts alleged in the Complaint and the documents on which the claims made therein are based." In re Burlington Coat Factory Securities Litig., 114 F.3d 1410, 1424-25 (3d Cir. 1997). "A document forms the basis of a claim if the document is 'integral to or explicitly relied upon in the complaint." Glasgow v. Veolia Water N. Am., Operating Services, LLC, 2010 U.S. Dist. LEXIS 99570 at *2 (D.V.I. 2010).

### III.  DISCUSSION

Defendant alleges that Plaintiff's complaint warrants dismissal because she has failed to meet her initial burden to establish a prima facie case of wrongful termination under the Virgin Islands' WDA.  To do so, Defendant contends, Plaintiff must successfully rebut the following facts: 1) Plaintiff's separation from Rohn & Carpenter resulted from her protracted history of excessive absenteeism and truancy, and was not in retaliation for her claim for Workers' Compensation benefits; 2) Defendant did not actually terminate Plaintiff; rather, Plaintiff failed to return to work even though Defendant offered Plaintiff other positions when Plaintiff insisted that she could no longer perform her duties as a paralegal, due to her back injuries; and 3) Plaintiff failed to notify Defendant when she was cleared by her medical doctor to perform her prior job functions, as required by the Workers' Compensation Act.[1]  See Dkt. No. 10, Defendant's Brief ("Def's Br."), p. 2; Dkt. No. 14, Defendant's Reply Brief ("Def's R. Br."), p. 2.

This Court is obligated, on a Rule 12(b)(6) motion to dismiss, to determine whether Plaintiff's well-pleaded allegations support a "reasonable inference that the defendant is liable for misconduct alleged." Twombly, 550 U.S. at 570.  Accordingly, the Court may rely only upon "the

---

[1] This contention presupposes that in the time between when Plaintiff's claim for Workers' Compensation benefits was filed and the commencement of this lawsuit, Plaintiff had been released to return to work by her doctor.

4

facts alleged in the Complaint and the documents on which the claims made therein are based." In re Burlington Coat Factory Securities Litig., 114 F.3d at 1424-25. Here, much of Defendant's contentions are based upon facts that lie outside the four corners of the complaint and cannot be appropriately considered by this Court in deciding the instant motion.

More importantly, Plaintiff's pleadings support a reasonable inference that she is entitled to relief. To maintain a claim for wrongful discharge under the Virgin Islands' WDA, a plaintiff must allege that: 1) she was an employee; 2) of a covered employer; 3) she was discharged; 4) and the discharge was wrongful. Rajbahadoorsingh v. Chase Manhattan Bank, 168 F.Supp.2d 496, 504-05 (D.V.I. 2001). Plaintiff's wrongful discharge claim is sufficiently pled. She alleges that she was employed by Defendant, an employer covered by the statute, and that she was discharged wrongfully in retaliation for filing a claim for Workers' Compensation benefits. See Compl. ¶¶ 3-5, 19-22. As such, Defendant's motion to dismiss will be **DENIED**.

### IV. CONCLUSION

For the reasons discussed herein, Defendant's motion to dismiss Plaintiff's complaint (Dkt. No. 10) is **DENIED**.

                                                      s/ *Susan D. Wigenton*
                                                      **SUSAN D. WIGENTON**
                                                      **UNITED STATES DISTRICT JUDGE**

Orig: Clerk
cc: Magistrate Judge Ruth Miller